UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL COLLINS, | * |
| Petitioner, | * |
| v. | *  Civil Action No. 1:16-cv-11702-IT |
| CHRISTINE WORMUTH, Secretary of the Army, | * |
| Respondent.[1] | * |

MEMORANDUM & ORDER

July 21, 2021

TALWANI, D.J.

Before the court is the Secretary of the Army's ("Secretary") Second Motion to Remand to Agency [#77]. For the following reasons, the motion is DENIED.

I. Background

The facts of this case were discussed in detail in the court's prior Memorandum and Order [#38] allowing in part and denying in part Plaintiff Michael Collins' Motion for Judgment on the Administrative Record [#24] and denying the Secretary's Motion to Affirm Decision of Commissioner [#27] and Motion to Supplement the Record [#26]. They are presented here in abbreviated form.

A. *ROTC Scholarship and Disenrollment*

In September 2005, Collins signed an Army Reserve Officers' Training Corps ("ROTC") Scholarship Cadet Contract ("Contract") and received scholarship benefits from the Army to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Wormuth is substituted for former Secretary of the Army, Mark T. Esper.

attend a five-year program at Northeastern University. Mem. & Order 2-4 [#38]. The Army subsequently alleged that Collins breached the Contract by failing to maintain full-time student status and disenrolled him from the ROTC program. Id. at 5. Following his disenrollment, Collins was ordered to reimburse the Army $89,451 in scholarship benefits. Id. at 7.

  B. *ABCMR Proceedings*

Collins applied to the Army Board for the Correction of Military Records ("ABCMR") for correction of his military records to reflect that he was wrongfully disenrolled from the ROTC program. Id. at 8. The ABCMR denied Collins' application and found that there was no error in the Army's disenrollment of Collins based on his "breach of contract for failure to maintain full-time student status." Id. at 9.

  C. *Complaint and First Remand*

Having exhausted his administrative remedies, Collins appealed the ABCMR's decision to this court. Compl. [#1]. The court denied Collins' request that it correct his military record. Mem. & Order 17-18 [#38]. Instead, in March 2018, the court vacated the ABCMR's decision and remanded the case, finding that the agency had failed to explain its conclusion that Collins breached the Contract. Id. at 12. Id. Specifically, the court pointed out that

> [t]he only place where the ABCMR decision seems to explain its reasoning is where it relies on Collins' statement in his appeal to the board of officers "that he understood the implications of his failure to fulfill his contractual obligations and accepted responsibility for his inability to correct the situation at the end of the Spring Semester of 2008." According to the ABCMR, "[t]hat in itself is sufficient to establish that he was aware that he was not meeting the conditions of his contract." But Collins' belief that he was in breach, if untrue, does not constitute a breach. Indeed, the Contract specifies that a cadet may be deemed to have breached the Contract "regardless of whether the [the cadet] knew that the failure violated the [C]ontract." The relevant question is not what Collins *thought*. The question is what did the Contract require, and did Collins breach its terms.

Id. at 12-13 (internal citations to the record omitted). Then, turning to the arguments advanced by the Secretary in litigation, the court noted that

2

> [a]s the Secretary concedes, Collins remained a "full-time student" as defined by the Contract, because he was "enrolled in sufficient academic courses to obtain sophomore, junior, and senior academic status." The Secretary defends the ABCMR's decision by arguing that the proper way to interpret the Contract's "full-time student agreement" is that it consists of two distinct requirements: (1) that the cadet remain a "full-time student," and (2) that the cadet remain "in good standing [at] his educational institution." According to the Secretary, Collins' disenrollment is justified by Collins' purported failure to remain in good standing. The problem for the Secretary is that the notion that Collins was disenrolled from the ROTC program based on failure to maintain good standing, rather than failure to maintain full-time status, is unsupported by the ABCMR's summary, analysis, or conclusion.

Id. at 13. The court went on to say that even if it "were to construe the ABCMR decision as holding that Collins breached the Contract based on failure to maintain good standing, nothing in the record shows Collins was *not* in good standing at Northeastern University." Id. at 14. The court therefore remanded the case and directed the ABCMR "to determine whether Collins breached his Contract by failing to maintain good standing at Northeastern University." Id. at 18. The court also instructed the ABCMR to address Collins' arguments that (1) he did not in fact commit "misconduct" and (2) the Army failed to observe certain procedural requirements during the disenrollment process. Id. at 16-17. The case was closed during the remand. Order of Remand [#39].

    D.    *Remand Decision and Subsequent Proceedings*

After consideration on remand, the ABCMR issued a new ruling. ABCMR Remand Decision 1 [#40-1]. The ABCMR accepted Collins' argument that he did not in fact commit "misconduct" and ordered that his record be amended to remove reference to "misconduct" and to redact two additional derogatory sentences. Id. However, the ABCMR declined to correct Collins' record to indicate that he had not breached his ROTC contract, to relieve Collins of the order to reimburse the Army $89,451, or to commission him into the Army. Id. at 2, 25.

The case was reopened in October 2018, Elec. Order [#41], and the Secretary filed the supplemental administrative agency record with the court, Notice [#43]. Collins then notified the

3

court and the Secretary that the ABCMR decision referenced documents not included in the supplemental administrative record, Notice [#49], and filed a <u>Motion for Administrative Records and Certification of Completeness</u> [#52], seeking to compel the Secretary to provide the court with the full administrative record and to certify its completeness. After searching through the agency records, the Secretary determined that the supplemental administrative record was missing four documents considered by the ABCMR in its remand decision: a "Verification of Enrollment" form and three official transcripts. Clayton Aff. ¶ 5 [#56-1]. The court granted the Secretary's <u>Motion to Correct the Administrative Record</u> [#55] and ordered the Secretary to file the omitted documents along with a declaration that the record, as supplemented, was complete and included "all, and no other, documents reviewed by the ABCMR in reaching the decision at issue in this case." Elec. Order [#60]. The Secretary filed the additional documents, <u>see</u> Resp. to Court Order [#61], and a Paralegal Specialist with the U.S. Army Legal Services Agency, Litigation Division, declared that the record in the case, as supplemented, "is complete and includes all, and no other, documents reviewed by the ABCMR in reaching the decision at issue in this case," Decl. [#62].

On June 10, 2020, Collins filed a <u>Second Motion for Judgment on the Administrative Record</u> [#71], which remains pending. Rather than oppose the motion, the Secretary filed the <u>Second Motion to Remand to Agency</u> [#77], which Collins opposed.

## II. Discussion

### A. *Remand Decision*

As explained above, the court remanded this matter to the ABCMR with specific instructions to determine whether Collins breached the Contract. The ABCMR failed to follow those instructions. Its remand decision, like its original decision, focuses on whether Collins was a full-time student and the number of credit hours Collins completed in his third year, while

4

ignoring the fact that Collins was enrolled in a five-year, rather than a four-year, program. ABCMR Remand Decision 5-25 [#40-1]. On the issue of "good standing," the remand decision bewilderingly goes to the effort of defining "good standing" as, according to the Northeastern course catalog, maintenance of "a minimum cumulative grade point average (GPA) of 2.0," id. at 2 (definition), 11 (reference), but then makes no factual finding as to whether Collins maintained his GPA above that level.

Instead, the remand decision contains largely unsubstantiated conclusions such as "it is therefore difficult to imagine how [Collins] could have been considered a 'full time student in good standing'" and "it is fair to surmise" that two officials' concern about Collins' academic progress "indicated their belief that the applicant's academic status failed to comply with the contract's requirements." Id. at 23. The decision also repeats reasoning that this court dispensed with previously, stating that Collins "seemed quite convinced that a) he was in breach of his ROTC contract, and b) the breach was due to his academic deficiencies." Id. But again, "[t]he relevant question is not what Collins"—or anyone else—"*thought*," but whether he in fact breached the terms of the Contract. Mem. & Order 13 [#38].

    B.    *Second Motion to Remand*

In response to the remand decision, Collins filed his Second Motion for Judgment on the Administrative Record [#71], making two arguments. First, he claims that the ABCMR's remand decision is flawed because the finding that he was not a "full time student in good standing" is predicated on the assumption that he was enrolled in a four-year program at Northeastern when, in fact, he was enrolled in a five-year program. Pl.'s Mem. 11-13 [#71]. Second, he alleges that the Army violated Army Regulation 15-6 and therefore his right to due process by failing to provide him the documents on which it relied in deciding to disenroll him from the ROTC program. Id. at 13-17. In response, the Secretary filed a Second Motion to Remand to Agency

5

[#77], requesting that the court remand the case to the ABCMR (1) to evaluate the issue of whether Collins was in "good standing"; (2) to consider "extra-record evidence" submitted by Collins, specifically the Northeastern course catalog; and (3) to consider Collins' due process arguments. Def.'s Mem. 2 [#78].

      1.      Law of Voluntary Remands

A motion for a voluntary remand is a request by the government to have a party's challenge to an agency action sent back to the agency for further consideration. See Joshua Revesz, Voluntary Remands: A Critical Reassessment, 70 Admin. L. Rev. 361, 366 (2018). Unlike "typical" remands, voluntary agency remands precede resolution on the merits. Id.

The leading case in this area is SKF USA Inc. v. United States, 254 F.3d 1022 (Fed. Cir. 2001). The Federal Circuit identified three types of remands generally requested by an agency: (1) those involving "intervening events outside of the agency's control," (2) those where "even in the absence of intervening events, the agency may request a remand without confessing error," and (3) those where the agency "believes that its original decision was incorrect on the merits and wishes to change the result." SKF USA, 254 F.3d at 1028.

In the first situation, an event such as "a new legal decision or the passage of new legislation" may impact the validity of the agency action. Id. In such cases, there is a long standing "tradition of allowing agencies to reconsider their actions where events pending appeal draw their decision in question." Id.

In the second, where no intervening events have taken place, the court has greater discretion in deciding whether to grant the agency's remand request. Id. at 1029. Voluntary remand is usually appropriate where the agency expresses a "substantial and legitimate" concern about the earlier decision; however, the request should be denied if it is "is frivolous or in bad

faith." Id. Between those extremes, the court's discretion is substantial and turns on factors such as (1) the justification advanced by the agency; (2) the timing of the motion, see e.g., Mississippi River Transmission Corp. v. F.E.R.C., 969 F.2d 1215, 1217 n.2 (D.C. Cir. 1992); and (3) whether, based on the record, "answering the central legal question is straightforward," Limnia, Inc. v. United States Dep't of Energy, 857 F.3d 379, 386 (D.C. Cir. 2017).

Finally, the agency may request a remand to correct a decision that it believes to be incorrect on the merits. Id. In such a situation, remand is appropriate to correct "simple errors such as clerical errors, transcription errors, or erroneous calculations." Id. However, the analysis becomes more complicated when it is associated with a change in agency policy or interpretation, requiring to the court to consider whether the agency's new interpretation of a statute is entitled to deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Id.

  2.  Secretary's Arguments

In this case, there is no intervening event, nor does the Secretary suggest that the ABCMR wishes to correct its decision on the merits. The court therefore examines the Secretary's justifications for remand under the second SKF USA scenario.

The Secretary first argues that remand is appropriate "[b]ecause the ABCMR failed to consider one of the issues it was tasked to address on remand." Def.'s Mem. 5-6 [#78]. However, that argument is not compelling where the Secretary does not explain why the ABCMR failed to follow the court's instructions nor why it should be given a second opportunity to do so.

Next, the Secretary claims that

> the evidence before this court shows that the ABCMR has a basis on which to conclude that [Collins] was not in good standing. Specifically, [Collins] attached portions of Northeastern's course catalog, which the ABCMR did not include in the remand administrative record, to his motion for judgment in his favor. According to that

7

> evidence, for a student who is not freshman to be in good standing that student must "earn at least 12 semester hours in the semester just completed." It is undisputed that Plaintiff did not earn 12 semester hours during the Spring 2008 (or Summer 2008) semesters. Thus, according to Plaintiff's own evidence, he was not in good standing as that term was defined by Northeastern for the 2007-2008 school year.

Def.'s Mem. 6 [#78] (emphasis added). This argument is both perplexing and troubling for several reasons.

First, the evidence is not new. In September 2017, before the first remand, the Secretary filed a Motion to Supplement the Record [#26] to add the course catalog to the administrative record then before the court. In denying the motion, the court explained:

> According to the Secretary, this catalog contains a definition of "good standing" that would confirm Collins was not in good standing. This request is inconsistent with well-established principles of judicial review. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). To the extent supplemental materials are permitted in judicial review, those materials "should be explanatory of the decisionmakers' action at the time it occurred." Sierra Club v. Marsh, 976 F.2d 763, 772 (1st Cir. 1992) (internal quotations omitted). "No new rationalizations for the agency's decision should be included." Id. at 772-73.

Mem. & Order [#38]. At the same time, nothing prevented the ABCMR from considering the course catalog on remand after the prior decision was vacated. Accordingly, the course catalog is clearly not new evidence that was unavailable when the ABCMR issued its second decision.

Second, the ABCMR has not been candid as to whether it has or has not considered the course catalog: while the decision *specifically references* the course catalog as the origin of its definition of "good standing," ABCMR Remand Decision 11 [#40-1], the ABCMR did not include the course catalog in the administrative record filed with the court—despite the Secretary's certification that the record, as supplemented, was complete and included "all, and no other, documents reviewed by the ABCMR in reaching the decision at issue in this case."

The argument is also troubling because it creates the impression that the Secretary is asking for the remand so that the ABCMR may backfill *a* basis—rather than explain *the* basis—to justify Collins' disenrollment from the ROTC program. Under the APA, an agency's role is to resolve factual issues and to reach a decision supported by the administrative record. Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). If a plaintiff asserts that the agency has failed to satisfy that basic requirement of articulating "a satisfactory explanation for its action," it is the court's role to review that claim. Id. Voluntary remands "allow agencies to correct their own mistakes without expending the resources of the court in reviewing a record that is *admittedly incomplete or incorrect*." Bennett v. Murphy, No. CV 14-10275-FDS, 2016 WL 1449571, at *1 (D. Mass. Apr. 13, 2016) (emphasis added). But they do not permit the agency to develop *new* records crafted to withstand judicial review and to unfairly prejudice plaintiffs. See Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168–69 (1962) (holding that court could not accept "post hoc rationalizations for agency action" and that agency's discretionary order had to be "upheld, if at all, on the same basis articulated in the order by the agency itself"). Where the Secretary appears to argue that remand is necessary to permit the ABCMR to offer a new rationale for its original decision to disenroll Collins from the ROTC program, that is not a proper purpose.

The Secretary's final reason for requesting a remand—that it would permit the ABCMR to evaluate Collins' due process arguments in the first instance—is no more compelling. Although the Secretary casts Collins as asserting a new due process claim, which requires exhaustion before the agency, that does not seem to be an accurate characterization. Collins has not asked to amend his Complaint [#1] to add a new cause of action. Rather, he seems to argue that the ABCMR's failure to provide him with the documents upon which the Army based its

disenrollment decision—and on which, in turn, the ABCMR based its conclusion that Collins had violated the Contract—is one of the procedural irregularities in violation of the APA and Army Regulations on which his Complaint [#1] is based. Pl.'s Mem. 16-19 [#72]; see also Compl. ¶¶ 46-47 [#1].

Where the court has already remanded this case and where the Secretary has not advanced a compelling reason justifying remand and has instead suggested that the ABCMR might use a second remand opportunistically, the court declines to exercise its discretion to remand the case a second time.

### III.     Conclusion

For the forgoing reasons, the Secretary's Second Motion to Remand to Agency [#77] is DENIED. The Secretary shall respond to Collins' Second Motion for Judgment on the Administrative Record [#71] no later than August 11, 2021.

IT IS SO ORDERED.

July 21, 2021                                             /s/ Indira Talwani
                                                         United States District Judge